IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 4:16-CV-167 (LJA) |
| | : | |
| ALAA ISMAIL YASIN, | : | |
| | : | |
| Defendant. | : | |
| | : | |

# **ORDER**

Before the Court is the United States of America's Emergency Motion for Temporary Restraining Order to Provide Necessary Medical Care and Feeding Authorization (the "Motion"). (Doc. 3.) The United States of America (the "Government") asks the Court to issue an emergency court order to allow the U.S. Immigration and Customs Enforcement ("ICE") division of the U.S. Department of Homeland Security, acting through the Stewart Detention Center ("SDC"), to perform laboratory tests and physical evaluations of Defendant Alaa Yasin. (*Id.* at 1.) These tests and evaluations include drawing blood and conducting urinalysis for laboratory testing, performing physical examinations, and administrating food and medications by nasogastric tube or intravenously, if necessary. (*Id.*)

The Court has reviewed the Motion, as well as the attached declarations of Sebastian S. Mason and Dr. Eugene Charbonneau, D.O. (Docs. 3; 3-1; 3-2.) On May 10, 2016, the Court held a hearing wherein testimony was provided by Mr. Mason, Dr. Charbonneau, D.O., and Dr. Luis Ortega, M.D. Defendant Yasin was physically present at the hearing and provided testimony.

The Court finds that an emergency condition exists. Defendant Yasin has only eaten one meal and consumed five cans of Boost (a nutritional supplement) since April 17, 2016. Additionally, Defendant Yasin has been closely supervised since May 3, 2016, and he has not been seen to have eaten any meals during this time period. Although Defendant is

hydrating, he is drinking only water. As a result, Defendant's weight loss has accelerated in recent days and he has refused to allow officials at SDC to regularly monitor his vital signs, examine him physically, test his blood or urine, or weigh him.

The Court **GRANTS IN PART** and **DENIES IN PART** the Government's Motion. (Doc. 3.) ICE, acting through SDC, is authorized, through competent medical authority, to monitor Defendant's vital signs and conduct a physical examination and weigh Defendant once a day. As medically indicated by Defendant's vital signs and the physical examination, ICE may draw blood from Defendant and conduct urinalysis as necessary. ICE is further authorized to restrain Defendant if he resists these medically-necessary tests and evaluations. ICE's authorization to conduct these tests and evaluations shall remain in effect until Defendant eats three meals a day for three consecutive days (*i.e.*, Defendant is no longer on a hunger strike according to ICE policy). In the event Defendant's hunger strike continues past May 31, 2016, the Government shall file with the Court a status report every Friday regarding Defendant's hunger strike and health, and the Court will consider whether to continue this Order. Additionally, if Defendant ends his hunger strike, the Government shall immediately inform the Court. Further, ICE is authorized to provide life-sustaining treatment to Defendant. The parties acknowledge and understand that force-feeding does not qualify as life-sustaining treatment.

The Government's request for an order authorizing ICE to administer food or medications to Defendant by nasogastric tube or intravenously is **DENIED**. The Government has not presented evidence indicating that Defendant's condition is life threatening. To the contrary, Dr. Charbonneau testified that Defendant's health was better than expected in some respects. Thus, the Government has not demonstrated that force-feeding of Defendant at this time "is necessary in order to preserve [his] life." *See Dep't of Homeland Sec. v. Ayvazian*, No. 15-23213-CIV, 2015 WL 5315206, at *3 (S.D. Fla. Sept. 11, 2015) (granting ICE authorization to force-feed where evidence demonstrated that the medical conditions of the prisoners who continued to hunger strike "have deteriorated to the point where involuntary administration of nutrients is necessary in order to preserve

their lives" as their test results "indicated that initial signs of organ damage, due to the lack of nutrition, was occurring"; "Dr. Ortega's medical opinion was that administration of nutrients . . . was medically necessary to preserve their lives, and that the administration of nutrients should occur as soon as possible"); *see also Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992) ("Bureau of Prison regulations authorize medical officers to force-feed an inmate if they determine that the inmate's life or permanent health is in danger. Attachments to [the prisoner's] pleadings reveal that USMCFP medical officers determined that forced-feeding was necessary to his health.").

If, as Defendant's hunger strike continues, his health deteriorates to a point where his life is in imminent danger or where force-feeding will be necessary to preserve his life, the Government may renew its motion.

**SO ORDERED**, this 10th day of May, 2016.

                    /s/ Leslie J. Abrams
**LESLIE J. ABRAMS, JUDGE**
**UNITED STATES DISTRICT COURT**